UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FELIPE MASTRAPA,

      Plaintiff,

v.                                        Case No:  8:17-cv-601-T-DNF

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____

## OPINION AND ORDER

Plaintiff, Felipe Mastrapa, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A.  Social Security Act Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382a(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The

impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

**B.  Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion.  Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).  However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law.  *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).  The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability.  20 C.F.R. §§ 404.1520, 416.920.  At step one, the claimant must prove that he is not undertaking substantial gainful employment.  *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If he meets this burden, he will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work. *Id.* At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform his past relevant work, then he will not be found disabled. *Id.*

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id.* In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200,

1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

## C. Procedural History

On May 24, 2013, Plaintiff filed an application for a period of disability and DIB and an application for SSI. (Tr. 242-43, 244-49). In both applications Plaintiff alleged a disability onset date of April 1, 2013. (Tr. 242, 242). Plaintiff's applications were denied initially on August 26, 2013, and on reconsideration on November 14, 2013. (Tr. 158-60, 162-64, 167-71, 173-77). Plaintiff requested a hearing and, on July 9, 2015, a hearing was held before Administrative Law Judge Kurt G. Ehrman (the "ALJ"). (Tr. 57-89). On September 3, 2015, the ALJ entered an unfavorable decision finding Plaintiff not disabled. (Tr. 32-52). Plaintiff requested review of the ALJ's decision and, on January 13, 2017, the Appeals Council denied Plaintiff's request. (Tr. 1-7). Plaintiff initiated the instant action by filing a Complaint (Doc. 1) on March 13, 2017. The parties having filed a joint memorandum setting forth their respective positions, this case is ripe for review.

## D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 1, 2013, the alleged onset date. (Tr. 40). At step two, the ALJ found that Plaintiff had the following severe impairments: left eye blindness with good right eye vision; cervical disc herniation with annular tear; bipolar disorder, rule out alcohol and cocaine

abuse. (Tr. 40). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 41).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), such that he can lift up to 20 pounds occasionally, lift and carry up to 10 pounds frequently, stand/walk for about 6 hours, and sit for at least 6 hours, each in an 8-hour workday, with normal breaks. He should avoid climbing ropes, scaffolds and ladders of five steps or more, but can frequently climb lesser ladders, ramps and stairs, frequently stoop, kneel, crouch and crawl. He should avoid all industrial hazards such as unprotected heights and the use of hazardous industrial machinery (primary due to left eye blindness), and he should avoid jobs that require good depth perception. He should avoid jobs that require more than basic communication in English and avoid jobs that require any written communication in English. He can understand, remember, carry out and otherwise perform simple, routine and repetitive tasks and instructions, with no more than casual or superficial interactions with the general public and co-workers.

(Tr. 42). At step four, the ALJ found that Plaintiff was unable to perform his past relevant work as a truck driver. (Tr. 46).

At step five, the ALJ found relied upon the testimony of a vocational expert ("VE") and found that there are jobs in the national economy that an individual with Plaintiff's age, education, work experience and RFC could perform. (Tr. 47). Specifically, the ALJ found that Plaintiff could work as an advertising material distributor and cleaner in a housekeeping setting. (Tr. 47). The ALJ concluded that Plaintiff was not under a disability from April 1, 2013, the alleged onset date, through September 3, 2015, the date of the decision. (Tr. 47).

## II.    Analysis

Plaintiff raises a single issue on appeal: whether the ALJ erred by relying on the testimony of a vocational expert offered in response to an incomplete hypothetical question.  Plaintiff argues that the hypothetical question posed to the vocational expert did not adequately account for Plaintiff's left eye limitations. (Doc. 21 p. 7).  Specifically, Plaintiff notes that a medical advisor to the State Disability Determination Service found that Plaintiff would have a limited field of vision and accommodation in the left eye. (Doc. 21 p. 7 citing Tr. 151).  Plaintiff contends that because these limitations were not included in the hypothetical to the vocational expert, the vocational expert did not take the limitations into consideration, and, therefore, the testimony does not constitute substantial evidence. (Doc. 21 p. 7).  In response, Defendant argues that the ALJ's finding and hypothetical question to the VE account for the vision limitations in Plaintiff's left eye.

At step five, the Commissioner must determine that significant numbers of jobs exist in the national economy that the claimant can perform.  *Winchel v. Comm'r of Social Security*, 631 F.3d 1176, 1180 (11th Cir. 2011).  An ALJ may use the Medical Vocation Guidelines or may obtain the testimony of a vocational expert to determine whether there a jobs that exist in the national economy that a claimant can perform.  *Id*.  If the ALJ decides to use a vocational expert, for the vocational expert's opinion to constitute substantial evidence, "the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."  *Id*. (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002).

In this case, the ALJ's RFC finding and the hypothetical question to the vocational expert described an individual with left eye blindness and limited depth perception.  (Tr. 87).  The Court finds no error in the ALJ's decision not to include each of the left eye limitations listed by the State

Agency medical advisor because, as Defendant notes, the ALJ could not have imposed any greater visual limitations in the left eye besides a finding that Plaintiff was not capable of seeing in that eye. As the hypothetical question accurately reflected the ALJ's RFC finding, the Court finds that the vocational expert's testimony constituted substantial evidence and the ALJ properly relied upon it.

Also, the Court notes Plaintiff's request that the Court find Plaintiff disabled as of January 29, 2017, as the Medical Vocational Guidelines would direct a finding that Plaintiff would be disabled as of that date. The Court rejects this request. Besides the fact that it is not entirely clear the Medical Vocational Guidelines direct a finding of disabled, the Court will not address an unadjudicated period of disability. Title 42 U.S.C. § 405(g) provides that the Court has the authority "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing **the decision of the Commissioner of Social Security**, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (emphasis added). In this case, the decision of the Commissioner only adjudicated Plaintiff's claim through September 3, 2015, the date of the ALJ's decision. (Tr. 32-52). As the Commissioner has not issued a decision as to Plaintiff's disability status as of January 29, 2017, the Court will not grant Plaintiff's request to issue a finding of disability.

### III. Conclusion

The decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 21, 2018.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties